# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARIO CESARIO,** : | |
| : | |
| Petitioner : | |
| : | **CIVIL NO. 3:CV-09-1010** |
| v. : | |
| : | **(Judge Caputo)** |
| **WARDEN JERRY C. MARTINEZ,** : | |
| : | |
| Respondent : | |

# O R D E R

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Petitioner Mario Cesario, a federal inmate presently located at a Community Correction Center in Brooklyn, New York, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking immediate placement in a Residential Re-entry Center (RRC) pursuant to the Second Chance Act of 2007.[1]  (Doc. 1, Habeas Pet.)  Respondent filed a response to the petition on September 22, 2009, suggesting Mr. Cesario's petition is subject to dismissal as moot as he was released

---

[1] On April 9, 2008, the Second Chance Act of 2007, Pub. L. No. 110-199, was signed into law.  Among its many provisions, the Act amended 18 U.S.C. § 3624 (c), which now provides in relevant part:

(c) Prerelease custody.-

(1) In general.-The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.  Such conditions may include a community correctional facility.

from the Federal Bureau of Prisons (BOP) and placed in a RRC center on August 4, 2009. (Doc. 8, Resp. to Habeas Pet.) For the reasons that follow, Mr. Cesario's petition will be dismissed as moot.

When a habeas petitioner has been released from custody after filing a petition, the relevant inquiry becomes whether the case still presents a case or controversy under Article III, § 2 of the United States Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998); *Burkey v. Marberry*, 556 F.3d 142, 147-48, 149 (3d Cir. 2009)(holding that federal inmate's challenge to BOP determination that he is not eligible for early release became moot when inmate was released from prison because "[t]he possibility that the sentencing court will use its discretion to modify the length of Burkey's term of supervised release ... is so speculative that any decision on the merits by the District Court would be merely advisory and not in keeping with Article III's restriction of power"). This means that throughout the litigation, an actual controversy, possible of redress by a favorable judicial decision, must exist. *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002).

> The District Court may not render an advisory opinion in [this] case, because 'the duty of [the] court ... is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.

*Burkey*, 556 F.3d at 149 (citing *Mills v. Green*, 159 U.S. 651, 653, 16 S.Ct. 132, 133, 40 L.Ed. 293 (1895)).

As Mr. Cesario in a RRC for the remainder of his sentence, the legal injury he asserts in his petition no longer remains for this Court to remedy; he no longer has the requisite personal stake in the outcome of the litigation. See *Spencer*, 523 U.S. at 7, 118 S.Ct. at 983. Accordingly, there is no case or controversy for this Court to consider, and the petition will be dismissed as moot.

**ACCORDINGLY, THIS 7th DAY OF DECEMBER, 2009, IT IS HEREBY ORDERED THAT:**

1. Mr. Cesario's Petition for Writ of Habeas Corpus (doc. 1) is dismissed as moot.

2. The Clerk of Court is directed to close this case.

                                      **/s/ A. Richard Caputo**
                                      **A. RICHARD CAPUTO**
                                      **United States District Judge**